FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 28 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID DAGER; GREG IIAMES;
DANNY BOYD, and other similarly
situated employees,

        Plaintiffs - Appellants,

  v.

CITY OF PHOENIX, a body politic,

        Defendant - Appellee.

No. 09-15356

D.C. No. 2:06-cv-01412-JWS

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Submitted May 26, 2010[**]
San Francisco, California

Before: WALLACE, GRABER, and McKEOWN, Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

David Dager, Greg Iiams, Danny Boyd, and other similarly situated police officers in Phoenix, Arizona (together "Dager") appeal from the district court's summary judgment in favor of the City of Phoenix, holding that donning and doffing required police uniforms and protective gear is not compensable work under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*. We review de novo the district court's summary judgment. *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

This appeal is squarely controlled by *Bamonte v. City of Mesa*, 598 F.3d 1217 (9th Cir. 2010). There, as here, appellants—police officers in Mesa, Arizona—argued that time spent donning and doffing uniforms and protective gear at the beginning and the end of the workday was compensable under the FLSA. Id. at 1219. There, as here, the defendant municipality maintained lockers at the stations for patrol officers for storage of uniforms and equipment, but did not require that the officers change at the work site. Id. at 1220. Analyzing the governing statutes, and giving *Skidmore* deference to a 2006 Department of Labor memorandum discussing the compensability of donning and doffing gear and clothing at home, we held in *Bamonte*, id. at 1233, that because "[n]o requirement of law, rule, the employer, or the nature of the work mandates donning and doffing

at the employer's premises, and none of the other factors articulated in *Alvarez* [*v. IBP, Inc.,* 339 F.3d 894 (9th Cir. 2003),] weigh in favor of a conclusion of compensability," the district court properly granted summary judgment in favor of the City of Mesa.

Dager offers no material facts to distinguish this case from *Bamonte*. Accordingly, the district court's summary judgment is affirmed.

**AFFIRMED.**